```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MINNESOTA
                   Civil No. 07-260(DSD)
                Criminal No. 05-196(2)(DSD/SRN)
```

United States of America,

        Plaintiff,

v.                                                          **ORDER**

Jose Morfin Sanchez,

        Defendant.


This matter is before the court upon defendant's pro se motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  Based upon a review of the file, record and proceedings herein, defendant's motion is denied.


**BACKGROUND**

Defendant Jose Morfin Sanchez was charged by grand jury in a two-count indictment on June 14, 2005.  Count 1 charged defendant with conspiracy to possess with intent to distribute and to distribute in excess of five hundred grams of a methamphetamine mixture, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846.  Count 2 charged defendant with aiding and abetting possession with intent to distribute in excess of five hundred grams of a methamphetamine mixture, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 18 U.S.C. § 2.  On September 15, 2005, defendant pleaded guilty to count 2 of the indictment.  In his plea

agreement, defendant acknowledged that he was subject to a ten-year statutory minimum sentence and agreed to waive his right to appeal unless his sentence exceeded 121 months.  (Plea Agreement at ¶¶ 3, 8.)

On December 15, 2005, the court sentenced defendant to the statutory mandatory minimum sentence of 120 months imprisonment. See 18 U.S.C. § 924(e).  Prior to the sentencing hearing, defendant's attorney objected on numerous grounds to the probation officer's calculation of the advisory guidelines and filed a sentencing position paper for the court's consideration.  At the sentencing hearing, defendant's attorney advocated that, among other things, defendant's role in the offense was minimal and that the criminal history points assigned to defendant were inaccurate. The court overruled defendant's objections and determined that the applicable Sentencing Guidelines were a total offense level of 28 and a criminal history category of IV, which resulted in an advisory imprisonment range of 120 to 137 months.  Defendant did not appeal his conviction or sentence.

On January 16, 2007, defendant moved to vacate, set aside or correct the court's sentence pursuant to 28 U.S.C. § 2255. Although defendant made no specific claim for relief in his motion, he repeatedly referenced his counsel's refusal to file an appeal on his behalf.  The court therefore construes defendant's § 2255 motion to be based on a claim of ineffective assistance of counsel.

2

**DISCUSSION**

**I.   Evidentiary Hearing**

A § 2255 motion can be dismissed without an evidentiary hearing if the defendant's allegations, accepted as true, do not entitle him to relief or the allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact." Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998). A defendant is entitled to an evidentiary hearing on a § 2255 motion "unless the motion, files and records of the case conclusively show that [he] is entitled to no relief." 28 U.S.C. § 2255.

**II.   § 2255 Motion**

Section 2255 provides a person in federal custody a limited opportunity to collaterally challenge the constitutionality, legality or jurisdictional basis of a sentence imposed by the court. 28 U.S.C. § 2255; see United States v. Addonizio, 442 U.S. 178, 185 (1979); Embrey v. Hershberger, 131 F.3d 739, 740 (8th Cir. 1997). Collateral relief is considered an extraordinary remedy. Bousley v. United States, 523 U.S. 614, 621 (1998). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). Defendant's claim that he received

ineffective assistance of counsel is properly raised in a § 2255 motion. United States v. Ramirez-Hernandez, 449 F.3d 824, 826-27 (8th Cir. 2006); United States v. Martinez-Cruz, 186 F.3d 1102, 1105 (8th Cir. 1999).

To establish a claim of ineffective assistance, defendant must meet both prongs of the test set forth in Strickland v. Washington, 466 U.S. 668, 694 (1984). See Anderson v. United States, 393 F.3d 749, 753 (8th Cir. 2005). First, defendant must show that his counsel's performance was so deficient that it fell below the level of representation guaranteed by the Sixth Amendment. Strickland, 466 U.S. at 687. There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and the court reviews counsel's performance with significant deference. Id. at 689. In reviewing counsel's performance the court does not ask whether counsel's decisions were "correct or wise," but rather determines whether the decision "was an unreasonable one which only an incompetent attorney would adopt." United States v. Flynn, 87 F.3d 996, 1001 (8th Cir. 1996) (internal quotations omitted).

Second, defendant must establish prejudice by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Strickland, 466 U.S. at 694. In other words, defendant has the burden to prove that he likely would have prevailed on the issues

4

had they been properly presented by his attorney. <u>Anderson</u>, 393 F.3d at 753-54.

Defendant argues that counsel should have filed a notice of appeal after sentencing upon defendant's request. Where an attorney disregards specific instructions from a defendant to file a notice of appeal, the attorney "acts in a manner that is professionally unreasonable." <u>Roe v. Flores-Ortega</u>, 528 U.S. 470, 477 (2000). In such a case, "prejudice is presumed because the defendant has forfeited his right to an appellate proceeding as a result of his counsel's error." <u>Watson v. United States</u>, – – F.3d – –, No. 06-3104, 2007 WL 2049697, at *3 (8th Cir. July 18, 2007); <u>see</u> <u>Flores-Ortega</u>, 528 U.S. at 483-84. It is irrelevant whether the intended appeal would be meritorious or likely to succeed. <u>See</u> <u>Barger v. United States</u>, 204 F.3d 1180, 1182 (8th Cir. 2000). The presumption of prejudice applies even where defendant waived his appellate rights as part of a plea agreement. <u>See</u> <u>Watson</u>, 2007 WL 2049697, at *3. Although this waiver may limit the circumstances under which a defendant can directly appeal his conviction or sentence, it does not foreclose the appeal altogether. <u>Id.</u> If a defendant did request an appeal and was ignored, the appropriate remedy is resentencing, thus affording the petitioner an opportunity to take a timely direct appeal. <u>See</u> <u>Barger</u>, 204 F.3d at 1182; <u>Holloway v. United States</u>, 960 F.2d 1348, 1357 (8th Cir. 1992).

Defendant argues that his counsel did not appeal his 120-month sentence. However, defendant does not argue in either his § 2255 motion or in a subsequent letter filed with the court that he specifically asked his counsel to appeal and was refused. Without such a request by defendant and refusal or neglect by his counsel, there is no presumption of prejudice. Moreover, defendant's bald claim that his counsel did not file an appeal fails to satisfy either prong of <u>Strickland</u>. Defendant provides no evidence of his counsel's alleged deficient behavior nor has he attempted to demonstrate actual prejudice. For these reasons, the court will not vacate, set aside or correct defendant's conviction or sentence.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's motion to vacate, set aside or correct sentence [Doc. No. 125] is denied.

2. Defendant's motion to proceed in forma pauperis [Doc. No. 126] is denied as moot.

Dated: October 1, 2007

<pre>                                    s/David S. Doty
                                    David S. Doty, Judge
                                    United States District Court</pre>